## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALFREDO BONILLA,**                          **CIVIL ACTION**
                    **Plaintiff**

**VERSUS**                                    **NO.  24-341**

**STATE FARM MUTUAL**                         **SECTION: "E" (5)**
**AUTOMOBILE INSURANCE**
**COMPANY, ET AL.,**
                    **Defendants**


## ORDER AND REASONS

Before the Court is a Motion to Remand to State Court ("Motion to Remand") filed by Plaintiff Alfredo Bonilla.[1] For the reasons that follow, Plaintiff's motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an automobile accident occurring in St. John the Baptist Parish, Louisiana.[2] According to Plaintiff, on October 27, 2021, an underinsured motorist crashed into the rear of the vehicle Plaintiff was driving, causing Plaintiff to suffer "personal and bodily injuries, mental anguish, inconvenience, and sustained medical bills."[3] Plaintiff alleges that, on October 13, 2022, he resolved his claims against the motorist and the motorist's insurer for the full limit of the motorist's liability insurance policy, which totaled $30,000.[4]

On August 2, 2023, Plaintiff filed suit in the 40th Judicial District Court for the Parish of St. John the Baptist against Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and Allstate Property and Casualty Insurance

---

[1] R. Doc. 12.
[2] R. Doc. 2-2 at ¶1.
[3] *Id.* at ¶¶3-4.
[4] *Id.* at ¶5.

Case 2:24-cv-00341-SM-MBN   Document 14   Filed 04/04/24   Page 2 of 10

Company ("Allstate"). [5] Plaintiff alleges State Farm and Allstate (collectively, the "Defendants") had in full force and effect policies of uninsured/underinsured automobile insurance in favor of Plaintiff. [6] Plaintiff's state court petition seeks damages for his "[m]ental pain and suffering," "[p]hysical pain and suffering," "[m]edical expenses," "[i]nconvenience," "[l]oss of enjoyment of life," "[p]ast lost wages and/or loss of future earning capacity," "[b]ad faith damages under [Louisiana Revised Statutes] 22:1973 and [] 22:1892," and "[a]ll damages allowed under Louisiana law which may be proven at the trial of this matter."[7] Plaintiff's state court petition does not assign specific amounts to the claims asserted against the Defendants, his insurers.[8]

Defendants were served with the state court petition on August 15, 2023.[9] On October 24, 2023, Defendants served on Plaintiff a request that he admit his total damages exceed $75,000.[10] On January 10, 2024, Plaintiff responded to the Defendants' request with an admittance.[11] Further, Plaintiff responded to Defendants' Interrogatories and Requests for Production on the same date, informing them that Plaintiff was still seeking medical treatment and providing his medical records.[12]

On February 7, 2024, Defendant State Farm removed the action to federal court on the jurisdictional basis of diversity of citizenship.[13] Plaintiff then filed the Motion to Remand on March 7, 2024, arguing that the Notice of Removal was untimely because it

---

[5] *Id.* at ¶7.
[6] *Id.* at ¶¶1, 6.
[7] *Id.* at ¶10.
[8] *See* R. Doc. 2-2. Louisiana law forbids the pleading of a "specific monetary amount of damages" but permits "a general allegation that the claim exceeds or is less than the requisite amount" required for federal jurisdiction or other purposes. LA. CODE CIV. PROC. art. 893(A)(1).
[9] R. Doc. 2 at ¶2.
[10] Plaintiff's Responses to Request for Admissions, R. Doc. 2-3.
[11] *Id.* at Response to Admission No. 2.
[12] Plaintiff's Responses to Interrogatories and Requests for Production, R. Doc. 2-4.
[13] R. Doc. 2. Allstate consented to the removal. R. Doc. 2-5.

was filed more than 30 days after he filed the state court petition, which he claims was "removable on its face."[14] State Farm filed an opposition to the Motion to Remand, arguing the Notice of Removal was timely because Defendants were first put on notice that the amount-in-controversy exceeded $75,000 when Plaintiff responded to Defendants' discovery requests on January 10, 2024, less than 30 days before the Notice of Removal was filed.[15]

## LAW AND ANALYSIS

State Farm removed this action pursuant to 28 U.S.C. § 1441, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[16] Neither requirement of diversity jurisdiction—that the parties be citizens of different states, and that the amount in controversy exceed $75,000[17]—is in dispute. Rather, at issue is *when* it became clear that the amount-in-controversy requirement was satisfied, and in turn, whether Defendants' February 7, 2024 Notice of Removal was timely under 28 U.S.C. § 1446.

Plaintiff argues that State Farm's removal was untimely. Plaintiff contends Defendants' time to remove expired on September 14, 2023, 30 days after Defendant was served with Plaintiff's state court petition on August 15, 2023.[18] Plaintiff claims his state court petition was "removable on its face due to the allegations made against [Defendants] under [Louisiana Revised Statutes] 22:1973 and [] 22:1892 regarding the insufficient sum of monies previously paid and plaintiff's allegations of bad faith."[19] State Farm responds that its 30-day timeline to remove the case from state court did not begin until it received

---

[14] R. Doc. 12-1 at p. 2.
[15] R. Doc. 13.
[16] R. Doc. 2 at p. 1.
[17] 28 U.S.C. § 1332(a).
[18] *See* R. Doc. 12-1 at pp. 2, 4.
[19] *Id.* at p. 2.

Plaintiff's responses to Defendants' discovery requests on January 10, 2024, and, as a result, the Notice of Removal *was* timely. [20] State Farm's argument prevails.

**A. 28 USC § 1446 offers two tests for timely removal.**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[21] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[22]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[23]

Two provisions of 28 U.S.C. § 1446 are relevant here.[24] The first, 28 U.S.C. § 1446(b)(1), requires that when a case satisfies the requirements for federal jurisdiction and is thus removable from state court, any notice of removal "shall be filed within 30 days" of a defendant's receipt of "the initial pleading setting forth the claim for relief."[25] In the diversity-jurisdiction context, the Fifth Circuit has ruled that to trigger this 30-day timeline under § 1446(b)(1), a plaintiff's initial state court pleading must contain "a specific allegation that damages are in excess of the federal jurisdictional amount."[26]

---

[20] *See* R. Doc. 13 at p. 2.
[21] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[22] 28 U.S.C. § 1441(a).
[23] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[24] *See Chapman v. Powermatic Inc.*, 969 F.2d 160, 161 (5th Cir. 1992) ("When read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case."); *see also, e.g.*, *Wright v. Nat'l Interstate Ins. Co.*, 2017 WL 344283 (E.D. La. Jan 24, 2017).
[25] 28 U.S.C. § 1446(b)(1).
[26] *Chapman*, 969 F.2d at 163.

The second relevant provision, 28 U.S.C. § 1446(b)(3), provides a timeline for removal when the initial pleading does not make clear the case is removable, but some later filing does.  In that instance, "a notice of removal may be filed within 30 days after receipt by the defendant" of "an amended pleading, motion, order or *other paper* from which it may be first ascertained that the case is one which is or has become removable."[27] The definition of "other paper" includes "information relating to the amount in controversy" in those instances when "the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed" the $75,000 requirement for federal diversity jurisdiction.[28] Further, "other paper" means that paper "received by a defendant only *after* that defendant has received the initial pleading"[29] and produced by some "voluntary act by the plaintiff." That is, "'the defendant's subjective knowledge' cannot begin the clock for removal."[30]

### B. Section 1446(b)(3) applies to this case and State Farm's removal was timely upon receipt of the "other paper" in the form of Plaintiff's responses to Defendants' discovery requests.

The parties' core disagreement is which provision of § 1446 applies, and thus, when the 30-day period for Defendants to file their Notice of Removal began.

Plaintiff claims that the 30 days began no later than August 15, 2023, the date Defendants were served with Plaintiff's August 2, 2023 state court petition.[31] Plaintiff first argues that, even though his state court petition did not clearly allege damages in excess of $75,000,[32] "State Farm was well aware of the value or amount of controversy of

---

[27] 28 U.S.C. § 1446(b)(3) (emphasis added).
[28] 28 U.S.C. § 1446(c)(3)(A).
[29] *Chapman*, 969 F.2d at 164 (emphasis added).
[30] *Daverede v. State Farm Fire & Cas. Co.*, 22-463, 2022 WL 1963713, at *2 (E.D. La. June 6, 2022) (quoting *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).
[31] R. Doc. 12-1 at p. 4.
[32] *See* R. Doc. 2-2.

Plaintiff's claims as early as June 17, 2022, and certainly became aware through the allegations contained in the Petition for Damages, which was served on August 15, 2023."[33] Specifically, Plaintiff contends he "provided a settlement demand, updated medical reports, and confirmation of a policy limits settlement with the [motorist's] underlying [insurance] carrier" on June 17, 2022 (the "June 2022 Settlement Demand"), which provided sufficient notice to Defendants that the amount in controversy exceeded $75,000 before Plaintiff filed his state court petition.[34] Second, Plaintiff argues Defendants were apprised that his claims exceeded the jurisdictional amount-in-controversy threshold requirement based on the bad faith allegations in the petition, alone.[35]

State Farm responds that Plaintiff's petition "does not affirmatively reveal on its face that Plaintiff seeks damages in excess of $75,000 exclusive of interests and costs," but "merely alleges a settlement occurred between plaintiff, the alleged defendant-driver in the subject accident, and the tortfeasor's insurer for $30,000 and further prays for penalties and attorney's fees pursuant to Louisiana's bad faith statutes."[36] In opposition to Plaintiff's first argument, State Farm contends that, under Fifth Circuit law, Defendants "w[ere] under no duty of 'due diligence' to ascertain based on approximations or other materials provided *before the suit was filed* that the case was removable" when they were served with the petition on August 15, 2023.[37] In response to Plaintiff's second argument, State Farm notes that Plaintiff's petition "only alleges general categories of damages and a settlement between plaintiff, the defendant-driver, and the liability

---

[33] R. Doc. 12-1 at p. 5.
[34] *Id.*
[35] *Id.* (citing *Block L. Firm, APLC v. Bankers Ins. Co.*, 22-949, 2022 WL 2353378 (E.D. La. June 30, 2022)).
[36] R. Doc. 13 at p. 5.
[37] *Id.* (citing *Chapman*, 969 F.2d 160).

insurer for $30,000."[38] State Farm argues it "could not have ascertained from the petition alone that the amount in controversy exceeded the diversity jurisdiction threshold" because the value of Plaintiff's "collateral settlement" with the underinsured motorist "has no bearing on the calculation of damages for a bad faith claim."[39]

For a purported diversity-jurisdiction case to be removable upon the initial pleading, that pleading must "affirmatively reveal on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[40] While Louisiana law does not allow a plaintiff to plead a specific amount of money damages, it *does* permit a plaintiff to allege that the damages sought affirmatively meet or fail to meet a specific jurisdictional threshold.[41] Plaintiff did not do so here, and in the initial-pleading removal context, courts may not speculate about the jurisdictional sufficiency of generally stated damages [42] nor hold defendants responsible for whether their "subjective knowledge"[43] suggests removal is proper upon the initial pleadings.

Indeed, certain "practical ramifications" underlie the requirement that plaintiffs be specific and deliberate as to the jurisdictional consequences of the damages they claim.[44] Under this rule, courts operate more efficiently, avoiding "copious time" spent in search of what a defendant knew or "should have known" upon receipt of the initial pleading.[45] Even more, defendants need not "remove cases prematurely" for "fear of accidentally" missing the 30-day window of § 1446(b)(1) when the initial pleading does

---

[38] *Id.* at p. 7.
[39] *Id.*
[40] *Chapman*, 969 F.2d at 163; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir.2013).
[41] *See supra* note 8.
[42] *See, e.g.*, *Welp v. Hanover Ins. Co.*, 07-8859, 2008 WL 235348 (E.D. La. Jan. 28, 2008); *Shaw, et al. v. Wal-Mart Louisiana, LLC, et al.*, 2022 WL 123248, (E.D. La. Jan. 13, 2022).
[43] *Daverede*, 2022 WL 1963713, at *2.
[44] *Mumfrey*, F.3d at 399 (citing *Chapman*, 969 F.2d at 163).
[45] *Id.*

not obviously satisfy removal criteria.[46] Rather, failing any "specific allegation that damages are in excess of the federal jurisdictional amount,"[47] a defendant may remove a case within 30 days of receiving the "other paper" from which it may ascertain that the case is removable.[48]

Plaintiff's state court petition did not satisfy the "bright line rule" that requires a plaintiff to make a *specific allegation* of damages in excess of "the federal jurisdictional amount" to start the 30-day clock for removal.[49] The only specified amount of damages in the petition is the $30,000 Plaintiff claims he received from the underinsured motorist in the subject accident and the motorist's liability insurer.[50] That is not a specific allegation that Plaintiff's claims in *this* action exceed the jurisdictional amount.[51] Moreover, Plaintiff did not avail himself of the option provided by Louisiana law to affirmatively state the $75,000 threshold would be exceeded.[52] As a result, this case was not removable upon service of that initial pleading.[53]

Further, under Fifth Circuit law, the June 2022 Settlement Demand that Plaintiff provided to the Defendants before he filed suit on August 2, 2023 was insufficient to

---

[46] *Id.*
[47] *Chapman*, 969 F.2d at 163.
[48] 28 U.S.C. § 1446(b)(3).
[49] *See Chapman*, 969 F.2d at 163.
[50] *See* R. Doc. 2-2.
[51] *Chapman*, 969 F.2d at 163.
[52] *See* LA. CODE CIV. PRO. art. 893(A)(1).
[53] In his Motion to Remand, Plaintiff urges the Court to follow *Block Law Firm, APLC v. Bankers Ins. Co.*, 22-949, 2022 WL 2353378 (E.D. La. June 30, 2022) as an example of how to avoid *Chapman's* "specific allegation rule." Plaintiff argues that, pursuant to *Block Law Firm*, Defendants were on notice that the damages exceeded $75,000 because the petition asserted claims for penalties and attorneys' fees under Louisiana's bad faith statutes. *See* R. Doc. 12-1. That misreads the case. In *Block Law Firm*, Chief Judge Brown ruled that Plaintiffs *had* made a specific allegation that the amount in controversy exceeded $75,000 because the initial Louisiana state court petition sought $58,203.12 in damages for outstanding insurance payments and "penalties against the insurer in an amount not to exceed . . . *two times the damages sustained.*" *Block Law Firm,* 2022 WL 2353378, at *4 (omission and emphasis in original). Two times the damages of $58,203.12 was $116,406.24, a specific and unambiguous allegation that the amount in controversy exceeded the $75,000 threshold of § 1332. In this case, no such clarity can be found in Plaintiff's state court petition.

8

trigger the time period for Defendants to remove the case.[54] Indeed, "[b]y its plain terms [28 U.S.C. § 1446(b)(3)] requires that if an 'other paper' is to trigger the thirty-day time period[,] . . . the defendant must receive the 'other paper' only *after* it receives the initial pleading."[55] As a result, the Court does not consider Defendants' receipt of Plaintiff's June 2022 Settlement Demand or any other knowledge Defendants may have had prior to the filing of the instant suit on August 2, 2023.

Instead, Plaintiff's January 10, 2024 responses to Defendants' discovery requests constituted the "other paper" in this case that allowed State Farm to ascertain the case was removable to federal court. Unlike the state court petition, in response to Defendants' discovery requests, Plaintiff admitted the total amount of his damages exceed $75,000[56] and, in support, informed Defendants that he was still seeking medical treatment and provided his medical records.[57] These discovery responses clearly supported an amount in controversy in excess of the $75,000 threshold for diversity jurisdiction. Moreover, the responses were received after the initial pleadings and obviated any need for Defendants to rely on subjective knowledge in their efforts to determine the amount in controversy. Defendants' 30-day period to remove under 28 U.S.C. § 1446(b)(3) began on that day, January 10, 2024, and expired on February 10, 2024, three days *after* Defendant State Farm timely filed the Notice of Removal.

Accordingly, because State Farm removed this case less than 30 days after Defendants received the "other paper," the removal was timely.

---

[54] *See Chapman*, 969 F.2d at 164.
[55] *See id.* (emphasis added).
[56] Plaintiff's Responses to Request for Admissions, R. Doc. 2-3 at Response to Admission No. 2.
[57] Plaintiff's Responses to Interrogatories and Requests for Production, R. Doc. 2-4.

**C. The Court will deny State Farm's request for attorneys' fees and costs.**

State Farm requests attorneys' fees and costs incurred by the filing of its opposition be assessed against Plaintiff because "[P]laintiff's arguments ignore the Fifth Circuit's thirty [] year-old 'bright-line' rule on the issue."[58] The Court disagrees that the award of attorneys' fees and costs is warranted in this case.

Accordingly, the Court will deny Plaintiff's request for attorneys' fees and costs.

<u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.[59]

**IT IS FURTHER ORDERED** that State Farm's request for attorneys' fees and costs incurred by the filing of its opposition to Plaintiff's Motion to Remand is **DENIED**.[60]

**New Orleans, Louisiana, this 3rd day of April, 2024.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[58] R. Doc. 13 at p. 1.
[59] R. Doc. 12.
[60] R. Doc. 13.